FILED

2017 APR 11 PM 3:31

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

REGGIE TURNER,

    Plaintiff,

v.

CASE NO: 6:17-cv-655-ORL-31-KRS

HJB EXPRESS FREIGHT, INC., a Florida
Corporation, and HILDA JACQUELINE BROOKS,
an individual,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, REGGIE TURNER (hereinafter "Plaintiff"), by and through its undersigned counsel, hereby sues the Defendants, HJB EXPRESS FREIGHT, INC., a Florida Corporation, and HILDA JACQUELINE BROOKS, an individual, individually (hereinafter referred to collectively as ("Defendants")) and states as follows:

### INTRODUCTION

1. This is an action to recover money damages for unpaid wages, unpaid overtime wages, and compensatory damages under the Fair Labor Standards Act 29 U.S.C. §§ 201-216 and Florida Statute Chapter 448. Plaintiff seeks damages and a reasonable attorney's fee.

### JURISDICTION

2. Jurisdiction is conferred on this Court by Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337, and 1350. Supplemental jurisdiction over Plaintiff's claims under Florida law is conferred by 28 U.S.C. § 1367.

1

## VENUE

3. Venue is proper in the Middle District of Florida because at least one of the Defendants reside in this district, and because a substantial part of the events and omissions giving rise to the Plaintiff's claims occurred in this district

## THE PARTIES

4. Plaintiff is a resident of Orlando, Orange County, Florida.

5. At all times relevant hereto, Plaintiff was an "employee" pursuant to 29 U.S.C. § 203(e)(1) of the Fair Labor Standards Act.

6. At all times relevant hereto, Plaintiff was a non-exempt employee of the Defendants, and regularly worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this Complaint.

7. Defendant, HJB EXPRESS FREIGHT, INC. is a Florida corporation which maintains its business operations in Orlando, Orange County, Florida.

8. Defendant, HJB EXPRESS FREIGHT, INC. is an "employer" pursuant to 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

9. During all times material hereto, Defendant, HJB EXPRESS FREIGHT, INC. was an enterprise engaged in commerce as defined in 29 U.S.C. §§ 203(r) and 203(s).

10. Defendant, HILDA JACQUELINE BROOKS resides in Orlando, Orange County, Florida.

11. Defendant HILDA JACQUELINE BROOKS is a manager and/or is an owner of Defendant, HJB EXPRESS FREIGHT, INC., had operational control of the business, and was responsible for the Plaintiff's schedule and pay, and is an employer as defined by 29 U.S.C. Section 203(d).

12. At all times pertinent to this Complaint, Defendants failed to comply with 29 U.S.C. §§ 201-219 in that Plaintiff performed services for the Defendants for which no provision was made to properly pay Plaintiff for those hours in which overtime was required to be paid. Additionally, Plaintiff was required by the Defendants to work off of the clock, sometimes for no pay, sometimes for his straight time pay, and sometimes at an hourly rate less than straight time pay.

13. In addition, the Defendants have refused to issue payment to the Plaintiff for wages earned.

14. Plaintiff has complied with all conditions precedent in this case, or they have been waived.

## GENERAL ALLEGATIONS

15. From September of 2016 through February 2, 2017, Plaintiff was employed by Defendants.

16. Plaintiff was employed as a delivery driver for the Defendants.

17. The service that the Plaintiff provided to the Defendants was integral to the Defendants' business.

18. The Plaintiff had no managerial opportunities and had no independent authority outside of the directions and instructions provided by the Defendants.

19. The Plaintiff was not required to make any investment in the Defendants' operations and the Defendants provided all of the resources necessary for the Plaintiff to perform his work.

20. The Plaintiff did not have the ability to exercise independent business judgment in the course of the work he performed for the Plaintiff.

21. The Plaintiff's employment with the Defendants was indefinite with no set termination date.

22. The Defendants set the Plaintiff's rate of pay and Plaintiff was not able to negotiate his rate of pay.

23. The Defendants determined the Plaintiff's work hours and penalized the Plaintiff if he did not comply.

24. The Defendants controlled all meaningful aspects of the Plaintiff's employment.

25. The Defendants compensated the Plaintiff at a rate of $14.00 per hour.

26. Plaintiff regularly worked an average of 50-60 hours per week, but Defendants did not compensate the Plaintiff at a rate of at least the Federal minimum wage, nor did the Defendants compensate the Plaintiff for all hours worked over 40 hours.

27. The Defendants and its representatives knew that Plaintiff was not being paid at a rate equal to the Federal minimum wage.

28. The Defendants and its representatives knew that Plaintiff was working overtime, and that federal law requires employees such as the Plaintiff to be compensated at time and one-half per hour for overtime pay.

29. The Defendants intentionally refused to pay the Plaintiff at a rate equal to the Federal minimum wage.

30. The Defendants intentionally cheated Plaintiff out of the overtime to which the Fair Labor Standards Act entitles him.

31. In the course of his employment with Defendants, Plaintiff worked the number of hours required of him, but was not paid time and one-half for all hours worked in excess of forty (40) during a workweek as required by the Fair Labor Standards Act.

32. In addition, during a portion of the time that Plaintiff was employed by the Defendants, Plaintiff was not paid at a rate equal to the Federal minimum wage as required by the Fair Labor Standards Act.

33. The records concerning the number of hours actually worked by Plaintiff, and the compensation actually paid to him, are in the possession and custody and control of Defendants, and Plaintiff is unable to state at this time the exact amount due and owed to him. Plaintiff proposes to obtain such information by appropriate discovery proceedings to be taken in this case and to prove the amounts due at trial.

34. Plaintiff has retained the undersigned legal counsel to prosecute this action on his behalf, and has agreed to pay a reasonable fee for their services.

35. Plaintiff is entitled to reasonable attorneys' fees if he is the prevailing party in this action.

## COUNT I – VIOLATION OF THE OVERTIME PROVISION OF THE FAIR LABOR STANDARDS ACT

36. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 35 above.

37. Plaintiff is entitled to be paid time and one-half for each hour worked in excess of forty (40) in each workweek.

38. Plaintiff regularly worked an average of 50-60 hours a week.

39. Defendants refused to compensate the Plaintiff for all hours worked in excess of 40 hours as required by the Fair Labor Standards Act.

40. By reason of the intentional, willful, and unlawful acts of the Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

41. As a result of Defendants' willful violations of the Fair Labor Standards Act, Plaintiff is entitled to liquidated damages as provided in § 216 of the Fair Labor Standards Act.

42. As a result of the Defendants' violations of the Fair Labor Standards Act, Plaintiff has suffered emotional pain and suffering, and therefore seeks compensatory damages to make him whole for such damage.

WHEREFORE, Plaintiff prays that this Court will grant judgment against all Defendants jointly and severally as follows:

(a) Awarding damages against the Defendants on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

(b) Awarding Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

(c) Awarding Plaintiff compensatory damages for emotional pain and suffering;

(d) Awarding Plaintiff an equal amount in double damages/liquidated damages; and

(e) Awarding Plaintiff costs, and reasonable attorneys' fees; and

(f) Granting such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## COUNT II – VIOLATION OF THE MINIMUM WAGE PROVISION OF THE FAIR LABOR STANDARDS ACT

43. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 35 above.

44. Plaintiff is entitled to be paid minimum wage of $7.25 each hour worked in each workweek.

45. Defendants compensated the Plaintiff less than the Federal minimum wage for each hour worked in each workweek.

46. By reason of the intentional, willful, and unlawful acts of the Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

47. As a result of Defendants' willful violations of the Fair Labor Standards Act, Plaintiff is entitled to liquidated damages as provided in § 216 of the Fair Labor Standards Act.

48. As a result of the Defendants' violations of the Fair Labor Standards Act, Plaintiff has suffered emotional pain and suffering, and therefore seeks compensatory damages to make him whole for such damage.

WHEREFORE, Plaintiff prays that this Court will grant judgment against all Defendants jointly and severally as follows:

(a) Awarding damages against the Defendants on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 206 et seq. and other Federal Regulations; and

(b) Awarding Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

(c) Awarding Plaintiff compensatory damages for emotional pain and suffering;

(d) Awarding Plaintiff an equal amount in double damages/liquidated damages; and

(e) Awarding Plaintiff costs, and reasonable attorneys' fees; and

(f) Granting such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## COUNT III – RECOVERY OF UNPAID WAGES UNDER SECTION 448, FLORIDA STATUTES

49. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 35 above.

50. During Plaintiff's employment with Defendants, Plaintiff regularly worked an average of 50-60 hours a week.

51. Defendants have not paid the Plaintiff for any hours worked in excess of forty (40) hours in a workweek.

52. In addition, Defendants have not reimbursed the Plaintiff at a rate of pay equal to Florida's statutory minimum wage.

53. Defendants therefore have wrongfully deprived the Plaintiff of employment wages to which Plaintiff is lawfully entitled.

54. Plaintiff has been damaged as a result of the Defendants' failure to compensate Plaintiff in accordance with Plaintiff's entitlement.

55. By reason of the intentional, willful, and unlawful acts of the Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

56. As a result of the Defendants' violations of Florida law, Plaintiff has suffered emotional pain and suffering, and therefore seeks compensatory damages to make him whole for such damage.

57. Pursuant to section 448.08 of the Florida Statutes, Plaintiff is entitled to the costs of this action and a reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Court will grant judgment against all Defendants jointly and severally as follows:

(a) Awarding Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest;

(b) Awarding Plaintiff compensatory damages for emotional pain and suffering;

(c) Awarding Plaintiff costs, and reasonable attorneys' fees; and

(d) Granting such other and further relief as this Court deems equitable and just and/or available pursuant to Florida Law.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all issues so triable.

DATED: April 6, 2017

Respectfully Submitted,

*s/ Chad A. Barr*
Chad A. Barr, Esquire
Fla. Bar No.: 55365
Law Office of Chad A. Barr, P.A.
986 Douglas Avenue
Suite 100
Altamonte Springs, Florida 32714
Telephone: (407) 599-9036
service@chadbarrlaw.com (Primary)
chad@chadbarrlaw.com (Secondary)