UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**REGGIE TURNER,**

**Plaintiff,**

**v.** **Case No: 6:17-cv-655-Orl-37KRS**

**HJB EXPRESS FREIGHT, INC. and HILDA JACQUELINE BROOKS,**

**Defendants.**

---

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **SECOND AMENDED JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 33)** |
| **FILED:** | **April 4, 2018** |

**I. BACKGROUND.**

On April 11, 2017, Plaintiff Reggie Turner filed a complaint against HJB Express Freight, Inc. and Hilda Jacqueline Brooks. Doc. No. 1. Turner alleges that he was employed as a delivery driver by HJB Express Freight, which was owned and managed by Brooks. *Id.* ¶¶ 6, 11, 16. Turner further alleges that he routinely worked an average of 50 to 60 hours per week, but he was not compensated for all the hours he worked over 40 hours and was not compensated at a rate of at least the minimum wage. *Id.* ¶ 26. He asserts three counts — one alleging that Defendants violated the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., one alleging that Defendants violated the minimum wage provisions of the FLSA, and one for

recovery of unpaid wages under Section 448, Florida Statutes. Turner contends that he is entitled to unpaid wages, overtime compensation, compensatory damages for emotional pain and suffering, and attorney's fees and costs. In her answer to the Complaint, Defendant Brooks asserted a counter-claim arising from Turner's alleged failure to make a pick-up. Doc. No. 9.

On January 26, 2018, the parties filed a notice that they had tentatively settled Turner's claims. Doc. No. 24. The parties were directed to file a motion for settlement approval under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1360 (11th Cir. 1982). Doc. No. 26. I denied the parties' initial motion without prejudice after concluding that the proposed Settlement Agreement included a number of provisions that undermined the fairness of the agreement. Specifically, I noted that the Settlement Agreement: did not confine the release of claims to wage claims; included several non-cash provisions including a waiver of re-hiring/reinstatement, a non-disparagement and no-reentry onto property clause, and a covenant of confidentiality; and included a paragraph entitled "Other Judicial and Administrative Proceedings," that required Turner to withdraw or refrain from filing administrative charges, which was likely unenforceable. Doc. No. 28. The parties were directed to file a renewed motion for settlement approval. I subsequently denied the renewed motion because the Settlement Agreement attached to the renewed motion was substantially identical to the previous agreement that was found to be deficient. Doc. No. 32.

The parties were permitted to file a second renewed motion for settlement approval. The parties filed that motion on April 4, 2018 and it is ripe for review.

## II. APPLICABLE LAW.

In *Lynn's Food*, the U.S. Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after

scrutinizing the settlement for fairness." 679 F.2d at 1353. Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1] If the Court finds that the payment to the attorney is not reasonable, it must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount. *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

## III. ANALYSIS.

### *A. Whether Plaintiff Has Compromised His Claim.*

The Settlement and Release Agreement ("Settlement Agreement"), which is attached to the parties' motion, provides that in exchange for Turner voluntarily dismissing his claims with prejudice, Defendants will pay the total gross amount of $5,000.00 — $1,000.00 for Turner's claims for damages and unpaid wages and $4,000.00 to pay the fees incurred by his attorneys. Doc. No. 33, at 11, ¶ 1. The agreement calls for Turner and his counsel, Chad A. Barr, Esq., both to receive

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

checks in the amount of $1,000.00 within fifteen days after Court approval of the Agreement and for Turner's counsel to subsequently receive three separate payments of $1,000.00 within the following ninety days. *Id.* at 3, ¶ 1 A-D.

In his answers to the Court's FLSA Interrogatories, Turner estimated that he was owed $1,680.00 in unpaid overtime during the relevant time period and an equal amount in liquidated damages, for a total of $3,360.00. Doc. No. 19, at 3. Because Turner will receive only $1,000.00 under the Settlement Agreement, I recommend that the Court find that he has compromised his claim within the meaning of *Lynn's Food*.

*B. Whether the Amount Is Fair and Reasonable*.

Because Turner has compromised his FLSA claim, the Court must evaluate whether the settlement is reasonable. The parties state that there are disputed issues in this case, including whether Turner is entitled to overtime compensation and whether he is entitled to compensation for accrued and unused vacation pay. Doc. No. 33, at 4. They explain that they reached a compromise to avoid engaging in costly discovery, a potential trial, and the complexity, expense and length of future litigation. *Id.* at 5.

The parties represent that they participated in settlement discussions and that both parties were represented by competent counsel in an arms-length negotiations. *Id.* "If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Bonetti*, 715 F. Supp. 2d at 1227. Under these circumstances, I recommend that the Court find that the Settlement Agreement is a reasonable compromise of a bona fide dispute under the FLSA.

C. *Whether the Attorneys' Fees and Costs Undermine the Fairness of the Settlement Agreement.*

Because Turner has compromised his FLSA claims, the Court must consider the reasonableness of the payment to his attorneys to ensure that the attorneys' fees and costs to be paid did not improperly influence the amount that Turner agreed to accept. *See Silva*, 307 F. App'x at 351 ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."). Turner's counsel will receive $4,000.00 of the total $5,000.00 settlement amount. Doc. No. 33, at 1, ¶ 1. In my Order denying the parties' initial motion for settlement approval, I expressed concern about whether the amount of fees was excessive and required Mr. Barr to submit evidence of the reasonable hourly rate of a case of this type in the central Florida market, the contemporaneously recorded time records, and evidence of the actual costs incurred. After reviewing the evidence submitted by Mr. Barr, I find that the fee amount is reasonable. Mr. Barr represents that the $4,000.00 fee award includes $439.00 expended in costs. *Id.* at 7. The amount of fees minus costs is $3,561.00. Mr. Barr states that he expended 20.7 hours in the prosecution of this claim. *Id.* at 6. Thus, his hourly rate was approximately $172.00. In my experience, this rate is lower than the prevailing market rate for similar cases in the central Florida market.

Additionally, the parties represent that the amount of attorney's fees was negotiated separately from Turner's recovery and without regard to the amount of his recovery. *Id.* at 5-6. Therefore, in the absence of objection, I recommend that the Court find that the amount of attorney's fees Plaintiff's counsel will receive is reasonable and does not taint the amount Turner agreed to accept for resolution of his FLSA claim. *See Bonetti*, 715 F. Supp. 2d at 1228 ("[T]he best way to

insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.").

*D. Whether the Scope of the Release Undermines the Fairness or Reasonableness of the Settlement Agreement.*

The Court next must consider whether the release of claims in the Settlement Agreement renders the agreement unreasonable. *See generally Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims."). Here, the release states that:

> Other than as to the express rights and obligations set forth in this Agreement, and in consideration of the provisions, promises, terms and conditions of this Agreement, Turner hereby releases and forever discharges The Released Parties for any and all claims raised in the complaint filed in case number 6:17-cv-00655-RBD-KRS, pending in the Middle District of Florida. In addition, the Released Parties hereby release and forever discharge Turner for any and all claims related to or in response to the claims raised in the complaint filed in case number 6:17-cv-00655-RBD-KRS, pending in the Middle District of Florida, and the defenses raised in the Released Parties' Answer, Affirmative Defenses, and Counterclaim filed in case number 6:17-cv-00655-RBD-KRS, pending in the Middle District of Florida.

Doc. No. 33, at 13, ¶ 4 (emphasis added). Released Parties are defined as follows:

> HJB EXPRESS FREIGHT, INC., and its respective present, past, and *future* affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, payroll companies, employee leasing companies, and each and every one of its respective current or former owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, attorneys, and HILDA J. BROOKS, individually.

*Id.* at 10 (emphasis added).

Some judges have found that releases limited to wage claims generally are reasonable *See Cooper v. Garda CL Se., Inc.*, No. 15-cv-1677-Orl-40KRS, 2015 WL 9244682, at *1 (M.D. Fla. Dec. 18, 2015) (finding reasonable a release of all claims existing prior to the execution of the

settlement agreement that relate to the payment of wages and/or overtime for all hours worked, including, but not limited to, claims arising under the FLSA, the Florida Constitution and the Florida Minimum Wage Act). Other judges have held that releases in FLSA cases that also encompass state law wage claims are sufficiently narrow to withstand judicial scrutiny. *See*, *e.g. Stewart v. Enhanced Recovery Co., LLC*, No. 3:15-cv-921-J-34JRK, 2016 WL 8716264, at *3 (M.D. Fla. Feb. 5, 2016), *adopted by* No. 3:15-cv-921-J-34JRK, Doc. No. 25 (M.D. Fla. Feb. 24, 2016); *Cotto v. Notter*, No. 6:13-cv-772-Orl-40TBS, 2014 U.S. Dist. LEXIS 164047 (M.D. Fla. Nov. 24, 2014), *adopting* 2014 U.S. Dist. LEXIS 164043 (M.D. Fla. Nov. 4, 2014).

The presiding District Judge in this case has held that because "plaintiffs can only compromise FLSA claims on the basis of a dispute over FLSA provisions, concessions unrelated to the substance of the FLSA claims have no place in FLSA settlements. Indeed, a plaintiff's FLSA claim—which is intended to remedy a defendant's violation of mandatory law—should not be used as leverage to procure a general release of all possible claims." *Arguelles v. Noor Baig, Inc.*, 6:16-cv-2024-Orl-37TBS, Doc. No. 19, at 3 (M.D. Fla. Feb. 24, 2017). Unlike the release at issue in *Arguelles*, the release in this case does not require Plaintiff to release all possible claims, but only those asserted in the complaint. If the Court finds that this release is sufficiently narrow, then the Court may conclude that the release does not undermine the reasonableness of the settlement.

Some judges have also found that release and waiver of claims against non-parties prevent an FLSA settlement agreement from being fair and reasonable. *Id.* at 2. As noted above, the Settlement Agreement purports to release non-parties who have not been adequately identified, including: future affiliates of HJB Express Freight who, by definition, cannot be currently identified; payroll companies; and, employee leasing companies. Additionally, it is not clear who

is encompassed in the release of "relatives," "beneficiaries," and "alter egos" of HJB Express Freight, Inc.

In addition to these problems, the Settlement Agreement contains two provisions that arguably are broader than the release. First, a paragraph entitled "Dismissal of Lawsuit" states, "The parties agree to submit this settlement agreement to the Court for approval as required in FLSA claims and to never file or re-file *any legal or administrative action* against the Released Parties, except for any enforcement of the terms of this Agreement." Doc. No. 33, at 13, ¶ 2 (emphasis added). Similarly, a paragraph entitled "Full Relief of Claim" states:

> Turner represents and acknowledges that full payment of the settlement proceeds identified herein constitute payment in full settlement of *any and all claims at issue*. Turner represents and acknowledges that the settlement proceeds identified herein constitute full payment for any wages owed, including liquidated damages. *Turner acknowledges that any right he may have to assert a claim in the future against the Released Parties is waived. If this provision is breached, Turner shall return the payments made pursuant to this Agreement* and agree to pay the Released Parties for any attorneys' fees and costs incurred in defense of such claim.

*Id.* ¶ 3 (emphasis added). Because these provisions are not limited to the claims asserted in this action, could foreclose Turner from bringing future claims against Defendants that are outside the scope of this action, and could require Turner to return the settlement funds, these provisions undermine the fairness of the agreement.

The Settlement Agreement includes a severability provision. *Id.*, at 14, ¶ 8. Thus, in its discretion, the Court can strike the overbroad language in the definition of Released Parties and in Paragraphs 2 and 3 of the Settlement Agreement and revise those provisions, as follows[2]:

- Released Parties

  HJB EXPRESS FREIGHT, INC.~~, and its respective present and past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers,~~

[2] For ease of comparison, the recommended stricken language is shown in strikethrough and new text appears in italics.

~~payroll companies, employee leasing companies, and each and every one of its respective current or former owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, attorneys,~~ and HILDA J BROOKS, individually.

- Paragraph 2

  **Dismissal of Lawsuit.** The parties agree to submit this settlement agreement to the Court for approval as required in FLSA claims and to never file or re-file any legal or administrative action *based on any and all claims raised in the complaint filed in case number 6:17-cv-00655-RBD-KRS, pending in the Middle District of Florida*, against the Released Parties, except for any enforcement of the terms of this Agreement.

- Paragraph 3

  **Full Relief of Claims.** Turner represents and acknowledges that full payment of the settlement proceeds identified herein constitute payment in full settlement of any and all claims ~~at issue~~ *raised in the complaint filed in case number 6:17-cv-00655-RBD-KRS, pending in the Middle District of Florida*. Turner represents and acknowledges that the settlement proceeds identified herein constitute full payment for any wages owed, including liquidated damages. ~~Turner acknowledges that any right he may have to assert a claim in the future against the Released Parties is waived. If this provision is breached, Turner shall return the payments made pursuant to this Agreement and agree to pay the Released Parties for any attorneys' fees and costs incurred in defense of such claim.~~

If the Court finds that the Settlement Agreement is reasonable, save for these three provisions, the revisions would render the settlement fair and reasonable under *Lynn's Food*.

## III. RECOMMENDATIONS.

If the Court finds the Settlement Agreement to be fair and reasonable with the modifications discussed above, I respectfully **RECOMMEND** that the Court do the following:

1. **STRIKE** and **REVISE** the Settlement Agreement as follows:

- Revise Released Parties to read:

  HJB EXPRESS FREIGHT, INC. and HILDA J BROOKS, individually.

- Revise Paragraph 2 to read:

  The parties agree to submit this settlement agreement to the Court for approval as required in FLSA claims and to never file or re-file any legal or administrative action based on any and all claims raised in the complaint filed in case number 6:17-cv-00655-RBD-KRS, pending in the Middle District of Florida, against the Released Parties, except for any enforcement of the terms of this Agreement.

- Revise Paragraph 3 to read:

  Turner represents and acknowledges that full payment of the settlement proceeds identified herein constitute payment in full settlement of any and all claims raised in the complaint filed in case number 6:17-cv-00655-RBD-KRS, pending in the Middle District of Florida. Turner represents and acknowledges that the settlement proceeds identified herein constitute full payment for any wages owed, including liquidated damages.

2. **FIND** that the Settlement Agreement (Doc. No. 33, at 10-17), with these revisions, is a fair and reasonable resolution of a bona fide dispute under the FLSA, as modified above.

3. **GRANT in part** the Second Amended Joint Motion for Approval of Settlement (Doc. No. 33) without reserving jurisdiction to enforce the parties' Settlement Agreement or any other disputes between the parties.

4. **DISMISS** the case with prejudice.

5. **DIRECT** the Clerk of Court to close the file.

Alternatively, if the Court finds that the Settlement Agreement is not fair and reasonable, I **RECOMMEND** that the Court **DENY** the Second Amended Joint Motion for Approval of Settlement (Doc. No. 33) and **DIRECT** the parties to promptly meet to prepare a Case Management Report and file that report by a date established by the Court.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 20, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE