UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

REGGIE TURNER,

    Plaintiff,

v.                                                       Case No. 6:17-cv-655-Orl-37KRS

HJB EXPRESS FREIGHT, INC.; and
HILDA JACQUELINE BROOKS,

    Defendants.

## ORDER

In this action, Plaintiff asserts that Defendants violated the Fair Labor Standards Act ("**FLSA**") by allegedly failing to pay him minimum and overtime wages. (*See* Doc. 1.) After two unsuccessful attempts, the parties have filed a third motion for approval of their settlement in accordance with *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Department of Labor*, 679 F.2d 1350 (11th Cir. 1982). (Doc. 33, pp. 1–8 ("**Motion**"); *id.* at 10–17 ("**Agreement**").)

Under the terms of the Agreement, Defendants will pay Plaintiff a total of $5,000— $1,000 for Plaintiff's claims for damages and unpaid wages ("**Payment**") and $4,000 to his counsel ("**Attorney Fees**"). (*Id.* at 11.) Among others, the Agreement also contains the following provisions:

> 2. **Dismissal of Lawsuit.** The parties agree to submit this settlement agreement to the Court for approval as is required in FLSA claims, and to never file or re-file any legal or administrative action against the Released Parties, except for any enforcement of the terms of this Agreement [("**Dismissal**

**Provision**")].

    3. **Full Relief of Claims**. Turner represents and acknowledges that full payment of the settlement proceeds identified herein constitute payment in full settlement of any and all claims at issue. Turner represents and acknowledges that the settlement proceeds identified herein constitute full payment for any wages owed, including liquidated damages. Turner acknowledges that any right he may have to assert a claim in the future against the Released Parties is waived. If this provision is breached, Turner shall return the payments made pursuant to this Agreement and agree to pay the Released Parties for any attorneys' fees and costs incurred in defense of such claim [("**Full Relief Provision**")].

    4. **General Release**. Other than as to the express rights and obligations set forth in this Agreement, and in consideration of the provisions, promises, terms and conditions of this Agreement, Turner hereby releases and forever discharges The Released Parties for any and all claims raised in the complaint filed in case number 6:17-cv-00655-RBD-KRS, pending in the Middle District of Florida. In addition, the Released Parties hereby release and forever discharge Turner for any and all claims related to or in response to the claims raised in the complaint filed in case number 6:17-cv00655-RBD-KRS, pending in the Middle District of Florida, and the defenses raised in the Released Parties' Answer, Affirmative Defenses, and Counterclaim filed in case number 6:17-cv-00655-RBD-KRS, pending in the Middle District of Florida [("**Release**")].

(Doc. 33, p. 13.) The Agreement defines "Released Parties" as:

> HJB EXPRESS FREIGHT, INC., and its respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, payroll companies, employee leasing companies, and each and every one of its respective current or former owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, attorneys, and HILDA J. BROOKS, individually.

On referral, U.S. Magistrate Judge Karla R. Spaulding concludes that: (1) Plaintiff

has compromised his claim; (2) the Payment is fair and reasonable; and (3) the Attorney Fees were negotiated separately from the Payment. (Doc. 34 ("**R&R**").) Although Magistrate Judge Spaulding finds that the Release does not undermine the fairness of the settlement, she notes that the Undersigned has cautioned against including concessions unrelated to the substance of FLSA claims in FLSA settlements. (*Id.* at 5–6.) So she recommends that if the Court concludes that the Release is sufficiently narrow that it find it does not undermine the fairness of the settlement. (*Id.* at 6–7.) Upon review, the Court finds that the Release is sufficiently narrow because, as Magistrate Judge Spaulding points out, it "does not require Plaintiff to release all possible claims, but only those asserted in the [C]omplaint." (*Id.* at 7.) Hence the Release does not render the Settlement unfair. *See Dees v. Hydradry, Inc.*, 706. F. Supp. 2d 1227, 1240 (M.D. Fla. 2010).

Magistrate Judge Spaulding, however, concludes that the Dismissal Provision, the Full Relief Provision, and the definition of Released Parties are problematic because they are not limited to the claims and parties involved in this action. (Doc. 34, p. 8.) Under the severability provision, Magistrate Judge Spaulding proposes several modifications to the Dismissal and the Full Relief Provisions and the definition of Released Parties. (*Id.* at 8–9). In the Court's view, these modifications make the settlement fair and reasonable.

No party filed objections and the time for doing so has now passed. Absent objections, the Court has examined the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Marcort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding none, the Court concludes that the R&R is due to be adopted in its entirety.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. U.S. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 34) is **ADOPTED**, **CONFIRMED**, and made a part of this Order.

2. The parties' Second Amended Joint Motion for Approval of Settlement (Doc. 33, pp. 1–8) is **GRANTED IN PART**. The Court declines to retain jurisdiction to enforce the terms of the Agreement.

3. The Parties' Settlement and Release Agreement (Doc. 33, pp. 10–17) is **STRUCK** and **REVISED** as follows:

    a. "Revised Parties" is defined as Defendants HJB Express Freight, Inc. and Hilda J. Brooks, individually.

    b. 2. **Dismissal of Lawsuit.** The parties agree to submit this settlement agreement to the Court for approval as is required in FLSA claims, and to never file or re-file any legal or administrative action *based on any and all claims raised in the complaint filed in case number 6:17-cv-00655-RBD-KRS, pending in the Middle District of Florida*, against the Released Parties, except for any enforcement of the terms of this Agreement

    c. 3. **Full Relief of Claims**. Turner represents and acknowledges that full payment of the settlement proceeds identified herein constitute payment in full settlement of any and all claims *raised in the complaint filed in case number 6:17-cv-00655-RBD-KRS, pending in the Middle District of Florida.* Turner represents and acknowledges

that the settlement proceeds identified herein constitute full payment for any wages owed, including liquidated damages.

4. As modified above, the Court **ADOPTS** the parties' Settlement and Release Agreement.

5. This action is **DISMISSED WITH PREJUDICE**.

6. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 8, 2018.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record